UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONG WENFO,<br><br>         Plaintiff,<br><br>     v.<br><br>BARACK OBAMA, President of the United States,<br><br>         Defendant. | No. 2:14-cv-1322 TLN DAD PS<br><br>ORDER AND<br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, proceeding pro se, commenced this action on May 30, 2014, by filing a complaint and paying the required filing fee. The Clerk has issued summons and the case has been referred to the undersigned pursuant to Local Rule 302(c)(21).

The matter came before the court on October 10, 2014, for a Status (Pretrial Scheduling) Conference.[1] (Dkt. No. 12.) Plaintiff Wenfo Song appeared on his own behalf. No appearance was made by, or on behalf of, the defendant. Review of the court's docket, however, finds no evidence that the named defendant was properly served.

---

[1] The October 10, 2014 Status Conference was set by an order issued on July 24, 2014. (Dkt. No. 5.) On August 28, 2014, plaintiff filed a motion seeking to "Speed Up" these proceedings. (Dkt. No. 10.) However, in addition to the failure to properly serve the named defendant as discussed herein, plaintiff also failed to notice his August 28, 2014 motion for hearing. Plaintiff's motion, therefore, will be denied without prejudice.

Rule 4(m) of the Federal Rules of Civil Procedure provides that:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff– must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).[2]

Accordingly, at the October 10, 2014 hearing the undersigned inquired of plaintiff as to why the named defendant had not been properly served and whether plaintiff could properly serve the defendant if provided additional time. Plaintiff answered that providing him additional time to research the issue would be futile because, according to plaintiff, if he researched the issue in a book or on the internet someone would edit the book or website to provide plaintiff with the wrong information. In light of those representations, it is clear to the undersigned that plaintiff cannot show good cause for his failure to serve the defendant and that extending the time for service would be futile.[3]

Accordingly, IT IS ORDERED that plaintiff's August 28, 2014 motion (Dkt. No. 10) is denied without prejudice.

It is also HEREBY RECOMMENDED that plaintiff's June 12, 2014 complaint (Dkt. No. 1) be dismissed without prejudice for failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14)

---

[2] Plaintiff was cautioned about Rule 4(m) in the July 24, 2014 order setting the October 10, 2014 Status (Pretrial Scheduling) Conference. (Dkt. No. 5 at 3.)

[3] "[N]otice to the plaintiff must be given prior to sua sponte dismissal" and "[a] district court abuses its discretion when . . . it dismisses a complaint sua sponte for lack of service without first giving notice to the plaintiff and providing an opportunity for him to show good cause for the failure to effect timely service." Crowley v. Bannister, 734 F.3d 967, 975 (9th Cir. 2013) (citations and quotations omitted). Accordingly, in light of plaintiff's pro se status and out of an abundance of caution, if plaintiff believes he has good cause for his failure to effect timely service he is directed to state that good cause in any objections he elects to file to these findings and recommendations.

days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 16, 2014

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\wenfo1322.Rule4(m).F&Rs.docx